UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Lorena Higgins** § | |
| Plaintiff § | |
| § | |
| V. § | CIVIL ACTION NO. |
| § | |
| **The Prudential Insurance Company of** § | |
| **America, Inc. Defendant** § | |
| § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

1    The plaintiff, Lorena Higgins, is a resident of Harris County, Texas.

2    The Prudential Insurance Company of America, Inc. ("Prudential") may be served as follows:

   C T Corporation System
   1999 Bryan St. # 900
   Dallas, Texas 75201

3    **The nature of this suit.**

   This suit is brought to recover benefits due pursuant to a Long Term Disability Plan ("LTD") in which the plaintiff's employer, Aker Solutions, Inc. ("Aker") is the Plan or Policy Holder and Prudential is the insurer ("the Plan"). This action is brought for the relief provided in Employee Retirement Income Security Act ("ERISA"), the "Act", 29 U.S.C. §§ 1132 (a)(1)(B), i.e., to recover benefits due to the plaintiff; to enforce rights and to clarify rights to future benefits under the terms of the Plan.

   The Plan is a welfare benefit plan as that term is used in 29 U.S.C. § 1002 (1).

4    Prudential made the benefit determinations under review.

5    Prudential is the insurer of the Plan and would pay benefits to Plaintiff except for its denial of her claim.

6       Prudential's decision saves money for itself that otherwise it would ow the plaintiff.

7       The issue is whether the plaintiff is entitled to receive LTD benefits under the policy. This Court reviews the evidence to determine *de novo*, and without deference to Prudential's determination(s); and determines whether the plaintiff is disabled within the terms of the policy by evaluating the evidence and deciding which evidence is more likely to be true. *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F. 3d 246, 247 (5th Cir. 2018) (*en banc*).

8       Jurisdiction

This Court is given statutory jurisdiction pursuant to 29 U.S.C. § 1132 (e) (1).

9       **Statement of the facts of this Case**

The Plan defines Disability as follows:

"You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*;
- you are under the *regular care* of a *doctor*; and
- you have a 20% or more loss in your *monthly earnings* due to that sickness or injury."

"After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and
- you are under the regular care of a doctor."

10      At all times relevant hereto the plaintiff has been eligible for benefits as an employee of Aker.

11      The plaintiff's occupation with Aker was production control coordinator.

12  The plaintiff sustained a head injury in 2014 while on the job and she was hospitalized immediately thereafter. She returned to work for a short period of time in 2015.

13  The plaintiff suffers from dementia.

14  The plaintiff's impairment is due to head trauma.

15  Prudential approved the benefits in January of 2015 and by decision dated February 6, 2020 terminated the benefits effective February 1, 2020.

16.  The plaintiff timely appealed Prudential's termination of her benefits to the designated fiduciary of the Plan.

17  Prudential offered the plaintiff free assistance from Allsup to pursue Social Security Disability benefits.

18  On September 18, 2018 the plaintiff presented her Social Security claim to Administrative Law Judge Donald Willy, medical experts John Anigbogu and Ashok Khushalani, and vocational expert Herman Litt. She was represented by Ms. Regina Carlton, an employee of Allsup.

19  After taking sworn testimony from Ms. Higgins and from the expert witnesses Judge Willy found that Ms. Higgins is unable to perform the duties of any occupation due to traumatic brain injury. By that decision Ms. Higgins became entitled to Social Security Disability benefits.

20  Prudential bears the burden of proving that the Policy allows for deduction of Social Security Disability benefits.

21  On February 5, 2021 Ms. Higgins submitted Judge Willy's decision to Prudential for its consideration.

22  On August 31, 2022 Prudential affirmed its earlier termination of benefits.

23  The plaintiff has exhausted all administrative remedies relevant to her claim and all conditions precedent to filing this suit have been satisfied.

24     Prudential's decision is against the weight of the evidence.

WHEREFORE, the plaintiff demands judgment as follows:

a   recovery of benefits due under the terms of the Plan;

b   enforcement of her rights under the Plan;

c   clarification of her rights to future benefits under the terms of the Plan;

d   pre-judgment and post-judgment interest on all sums due;

e   attorney fees and costs, and for such other and further relief to which she is entitled.

/s/ William C. Herren
William C. Herren
SBN 09529500
6363 Woodway, Suite 825
Houston, Texas 77057
(713) 682-8194
(713) 682-8197 Fax
billh@herrenlaw.com

September 29, 2022